UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| TYEASE WILLIAMS, | : | Case No. 1:25-cv-294 |
| Plaintiff, | : | |
| vs. | : | Judge Susan J. Dlott |
| | : | Magistrate Judge Elizabeth P. Deavers |
| CITY OF SPRINGFIELD, *et al.*, | : | |
| Defendants. | : | |

**REPORT AND RECOMMENDATION**

Plaintiff Tyease Williams, who is proceeding *in forma pauperis* and without the assistance of counsel, brings this civil rights action pursuant to 42 U.S.C. § 1983. This matter is before the Undersigned for an initial screening of the Complaint as required by law. 28 U.S.C. § 1915(e)(2). For the reasons that follow, the Undersigned **RECOMMENDS** that Plaintiff's claims be **DISMISSED**.

**I.     Initial Screening Standard**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as

frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when the plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("[D]ismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim [under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)].")

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true but need not "accept as true a legal conclusion couched as a

factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

## II. Parties and Claims

The Complaint in this case is sparse. On May 12, 2025, Plaintiff filed a Notice of Intent to Amend Complaint, stating she intended to file an Amended Complaint within twenty-one days, in order to set forth additional facts and claims. (Doc. 3, at PAGEID # 12-13). To date, Plaintiff has not filed an Amended Complaint, and far more than twenty-one days have elapsed. Accordingly, the Court will screen the initial Complaint as filed.

Construing the Complaint liberally and in tandem with the Civil Cover Sheet, it appears Plaintiff is asserting claims for false arrest, malicious prosecution, and violation of due process, as well as state law claims for emotional distress and harm to her reputation. (Doc. 1-2, at PAGEID # 8). Plaintiff names seven Defendants:

1. The City of Springfield
2. The Lawrence County Prosecutor's Office
3. The Lawrence County Municipal Clerk
4. The Ohio State Highway Patrol (OSHP)
5. The Lockland Police Department

    6. OSHP Trooper D.L. Webb, in Webb's individual and official capacity

    7. Janiaya Canty, address unknown

(Doc, 1-1, at PAGEID # 5). Plaintiff seeks $250,000 in damages from each Defendant. (Doc. 1-2, at PAGEID # 8).

The crux of Plaintiff's Complaint is that she was wrongfully arrested on a recalled warrant that remained active due to an error by the Lawrence County Municipal Court Clerk's Office. Plaintiff claims the events that led to her arrest began back in March of 2015, when a woman named Janiaya Canty was stopped by law enforcement in Lawrence County, Ohio. (Doc. 1-1, at PAGEID # 7). Plaintiff alleges Canty provided officers with her real name and date of birth, but Canty said she did not have a driver's license or identification. (*Id*.) Approximately two months after this stop, Canty claimed she had not been the driver. Canty accused Plaintiff of being the driver and sent law enforcement a photograph of Plaintiff. (*Id*.)

Plaintiff claims that Ohio State Highway Patrol Trooper Webb failed to conduct a proper investigation or obtain a signed witness statement from Canty. (*Id*.). Nevertheless, Trooper Webb issued a "criminal affidavit" and obtained a warrant for Plaintiff's arrest. (*Id*.). Plaintiff asserts that the Lawrence County Prosecutor's Office allowed the charges to proceed despite the lack of probable cause or corroborating evidence. (*Id*.)

Plaintiff alleges that she learned of the false charge in May of 2023, and she traveled from Georgia to Ohio to clear her name. (*Id*.) On May 15, 2023, the charges were dismissed and the Lawrence County Municipal Court Clerk submitted a request to remove the warrant, but that request was mistakenly sent to the Sheriff's Office, rather than the originating agency, causing the warrant to remain active. (*Id*.). Then, on May 26, 2023, while preparing to return to Georgia, Plaintiff was arrested on the warrant by unidentified officers from the Lockland Police

4

Department, despite showing them documentation that her case was dismissed. (*Id.*) Plaintiff states she was not allowed to hug or comfort her minor daughter who was with her when she was arrested. (*Id.*) This resulted in emotional trauma. (*Id.*) And during the arrest, officers failed to protect or properly handle her property, resulting in theft and damage to electronics and identification documents. (*Id.*)

The Court may take judicial notice of the criminal proceedings against Plaintiff that she references in the Complaint. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999) ("[F]ederal courts may take judicial notice of proceedings in other courts of record.")). The Undersigned takes judicial notice of the following. On September 10, 2015, a complaint was filed against Plaintiff in the Lawrence County Municipal Court for identify fraud in violation of Ohio Revised Code § 2913.49, a felony of the fifth degree, and a warrant was issued on that complaint. *See State of Ohio v. Tyease L. Williams*, Case No. CRA1500691. The case remained inactive for nearly a decade. The state court docket sheet reflects that on May 15, 2023, the case came before the court for a hearing, the warrant was recalled, and the prosecuting attorney moved the Court to enter a nolle prosequi dismissing the case, citing insufficient evidence to proceed. The docket sheet reflects that the warrant issued on September 10, 2015, has been inactive since May 15, 2023.

### III. Discussion

For the reasons that follow, Plaintiff's Compliant should be dismissed against all Defendants for failure to state a claim upon which relief can be granted.

**First**, to the extent Plaintiff alleges claims against the City of Springfield, local governments "may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom . . . inflicts the injury

5

that the government as an entity is responsible under § 1983." *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 (1978). *See also J.H. v. Williamson Cty., Tennessee*, 951 F.3d 709, 720 (6th Cir. 2020) (citing *Monell*). A plaintiff may prove an unconstitutional "policy" or "custom" by demonstrating one of the following: "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (citing *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005)). Here, Plaintiff has not plausibly alleged any such hallmarks of *Monell* municipal liability. In fact, it is not apparent from the face of the Complaint how the City of Springfield is even connected to this case. As such, Plaintiff's claims against the City of Springfield should be **DISMISSED** for the failure to state a claim for relief.

**Second**, the Lawrence County Prosecutor's Office is not an entity subject to suit under § 1983 and should be dismissed from this action. *See, e.g.*, *Lloyd v. City of Streetsboro*, Case No. 18-3485, 2018 WL 11298664, at *3 (6th Cir. Dec. 20, 2018) (finding that under Ohio law, a county prosecutor's office is merely a sub-unit of local government and is not itself *sui juris*); *Simmons v. Sigler*, No. 2:19cv4108, *3 (S.D. Oh. May 20, 2020) (finding "a county prosecutor's office is not *sui juris* and cannot be sued for damages under 42 U.S.C. § 1983").

**Third**, the Ohio State Highway Patrol and the Lockland Police Department are not proper defendants. Only "a person" acting under color of law is subject to suit or liability under 42 U.S.C. § 1983. Neither a state agency nor a municipal police department is a "person" within the meaning of § 1983. *See, e.g., Matthew v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (finding that a "[p]olice [d]epartment is not an entity which may be sued"); *Moore v. Morgan*, No. 1:16-

6

cv-655, 2016 WL 5080268, at *3 (S.D. Ohio June 27, 2016) (recommending dismissal of OSHP because it is not a person or legal entity that may be sued under § 1983); *Smith v. Ohio State Highway Patrol*, No. 2:15-CV-2884, 2016 WL 146311, at *1 (S.D. Ohio Jan. 13, 2016) (noting that a state agency is not a "person" subject to suit in concluding the court "lacks jurisdiction to entertain any of the claims sought to be asserted in this action against defendant Ohio State Highway Patrol."). Thus, Plaintiff's claims against the Ohio State Highway Patrol and the Lockland Police Department should be **DISMISSED**.

The Undersigned notes that Plaintiff makes brief reference to "unidentified Jane/John Doe officers" of the Lockland Police Department who arrested her "despite showing them official documentation proving [her] case had been dismissed." (Doc. 1-1, at PAGEID # 7). But Plaintiff does not name any Jane/John Doe officers as Defendants in the Complaint. And even if the Court were to consider Plaintiff's allegations because the officers could be added as defendants in an amended complaint, the allegations would still be subject to dismissal for failure to state a claim for relief. *See, e.g., Fairbanks v. City of Trenton*, No. 1:15cv33, 2016 WL 51223, *2 (S.D. Oh. Jan. 5, 2026) (granting motion for judgment on the pleadings where plaintiff was arrested on a facially valid warrant that had been recalled and noting that officers are "under no obligation to give any credence to a suspect's story . . . nor should a plausible explanation . . . require the officer to forego arrest pending further investigation if the facts as initially discovered provide probable cause"). Here, as in *Fairbanks*, Plaintiff does not plausibly allege that the recalled warrant was not facially valid.

**Fourth**, Plaintiff names the Lawrence County Municipal Clerk as a Defendant, alleging that "[t]he Lawrence County Municipal Clerk submitted a request to remove the warrant after dismissal, but it was incorrectly sent to the sheriff rather than the originating agency, causing the

7

warrant to remain active." (Doc. 1-1, at PAGEID # 7). Because Plaintiff does not name a specific individual or clerk's office staff member in connection with her claim, it is unclear whether Plaintiff intends to sue the Office of the Clerk generally, the (unnamed) individual serving as the Clerk of Court, or someone else.

The Sixth Circuit has held that Ohio courts "are arms of the state for purposes of § 1983 liability and the Eleventh Amendment." *Williams v. Leslie*, 28 F. App'x 387, 389 (6th Cir. 2002). *See also Ward v. City of Norwalk*, 640 F. App'x 462, 464-65 (6th Cir. 2016) (considering Ohio *municipal* courts as arms of the state protected by Eleventh Amendment immunity). "Not only are courts themselves considered arms of the state, but 'the clerks of court, who operate under the court's authority, are likewise arms of the state of Ohio for purposes of § 1983 liability, at least when they conduct the business of the court or other duties mandated by state law.'" *Embry v. Kotlarisc*, Case No. 1:22-cv-006, 2022 WL 17327290, at *2 (S.D. Ohio Nov. 29, 2022) (quoting *Swann v. Reese*, No. 3:20-cv-509, 2022 WL 1591694, at *5 (S.D. Ohio May 19, 2022)).

To the extent Plaintiff intends to sue the Lawrence County Municipal Clerk's Office, the Court must view that claim as one waged against the state of Ohio. But "a State is not a person within the meaning of § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989). For this reason alone, Plaintiff lacks a valid cause of action pursuant to § 1983 against Ohio or any of its instrumentalities, including the Lawrence County Municipal Court. *Id.* at 70. But also, absent an express waiver, a state is immune from suit under the Eleventh Amendment. *See P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139 (1993); *Edelman v. Jordan*, 415 U.S. 651 (1974). The State of Ohio has neither constitutionally nor statutorily waived its Eleventh Amendment immunity in the federal courts. *See Johns v. Supreme Court of Ohio*, 753

8

F.2d 524 (6th Cir. 1985); *State of Ohio v. Madeline Marie Nursing Homes No. 1 and No. 2*, 694 F.2d 449, 460 (6th Cir. 1982). "And this immunity applies no matter what form of relief a plaintiff seeks against the state or its instrumentality." *Williams v. Parikh*, 708 F. Supp. 3d 1345, 1353–54 (S.D. Ohio 2023), *aff'd* 2024 WL 5355086 (6th Cir. Sept. 4, 2024). For these reasons, Plaintiff fails to state a claim for relief against the Lawrence County Municipal Clerk's Office.

To the extent Plaintiff intends to sue the individual serving as the Clerk of Court in their official capacity resulting from conduct related to the business of the court, that individual is a state employee for purposes of a § 1983 claim. Because official capacity claims against state officials are suits against their employer (*i.e.* the state), Eleventh Amendment immunity also extends to such officers in their official capacities. *See Williams*, 708 F.Supp.3d at 1354 (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-02 (1984); *Will*, 491 U.S. at 71 ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." (citation omitted)). Accordingly, any official capacity claims against the Clerk of Court for Lawrence County should be **DISMISSED**.

And finally, to the extent Plaintiff intends to sue the individual Clerk of Court in his or her individual capacity for errors in processing the warrant recall, the Clerk would be entitled to absolute quasi-judicial immunity from Plaintiff's claims. "Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994). *See also Anthony v. Sabaugh*, No. 13-cv-12264, 2013 WL 4747344, at *1 (E.D. Mich. Sept. 4, 2013) (extending absolute quasi-judicial immunity to court clerk). And the processing of court papers is, in general, a quasi-judicial function. *See Drake v. Village of*

9

*Johnstown*, 534 F. App'x. 431 (6th Cir. 2013) (finding clerk of mayor's court protected by immunity from arrestee's § 1983 claim because clerk's issuance of warrant was quasi-judicial function); *Williams v. Parikh*, 708 F. Supp. 3d 1345, 1352-53 (S.D. Ohio 2023) (clerk's processing of court papers is quasi-judicial function).

**Fifth**, Plaintiff's claim against OSHP Trooper Webb in his official capacity is subject to dismissal to the extent Plaintiff seeks monetary damages. "The state of Ohio's immunity to suit under § 1983 extends to the OSHP and OSHP troopers sued in their official capacities. *Oliver v. Ohio State Hwy. Patrol*, No. 5:19-cv-164, 2019 WL 3006431, at *2 (N.D. Ohio July 10, 2019). *See also Davis v. Maughmer*, No. C2-00-1415, 2002 WL 484853, at *3 (S.D. Ohio Mar. 5, 2002) ("[C]laims against the Ohio State Highway Patrol are claims against the State of Ohio, which is entitled to sovereign immunity under the Eleventh Amendment."); *Mattox v. City of Jefferson*, No. 1:04cv2257, 2007 WL 120651, at *2 (N.D. Ohio Jan. 10, 2007) (the OSHP is an arm of the state of Ohio and entitled to immunity under the Eleventh Amendment, as are employees of the OSHP sued in their official capacities which is essentially a suit against the state of Ohio) (citations omitted). Accordingly, the claims against Defendant Trooper Webb in his official capacity should be **DISMISSED with prejudice.**

**Sixth,** the allegations against Trooper Webb in his individual capacity are inadequate to state a claim. The only mention of Defendant Webb in the Complaint is that he "issued a criminal affidavit and had a warrant filed" against Plaintiff "without conducting a proper investigation or collecting a signed witness statement from Ms. Canty." (Doc. 1-1, at PAGEID # 7). But this allegation is conclusory in nature and does not plausibly state a claim for relief.

**Seventh**, the Complaint names Janiaya Canty as a Defendant, but Canty appears to be a private citizen and not a state actor subject to suit under § 1983. *See American Mfrs. Mut. Ins.*

10

*Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (stating that "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful"). Plaintiff's claims against Canty should be **DISMISSED with prejudice**.

**Finally**, having found that the Court should dismiss Plaintiff's federal claims, the Undersigned further recommends that the Court decline to exercise supplemental jurisdiction over any state-law claims and dismiss such claims without prejudice. *See Harper v. Auto Alliance Int'l, Inc.,* 392 F.3d 195, 210 (6th Cir. 2004) (although the exercise of supplemental jurisdiction under 28 U.S.C. § 1367 is a matter of discretion, when a court dismisses all federal claims before trial, it generally should dismiss the state law claims as well).

## IV.  Conclusion

Having screened the Complaint as required by 28 U.S.C. § 1915, the Undersigned **RECOMMENDS** the Court **DISMISS** Plaintiff's Complaint in its entirety.

September 8, 2025                                                    *s/ Elizabeth A. Preston Deavers*
                                                                             ELIZABETH A. PRESTON DEAVERS
                                                                             United States Magistrate Judge

### PROCEDURE ON OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral

hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).