IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Tyease Williams, | : | |
| | : | Case No. 1:25-cv-294 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Order Adopting Report and |
| City of Springfield, *et al.*, | : | Recommendation and Dismissing |
| | : | Complaint |
| Defendants. | : | |

Plaintiff Tyease Williams, who is proceeding *pro se* and *in forma pauperis*, has sued Ohio state, county, and municipal officials for alleged violations of constitutional rights and state law.  (Doc. 1-1.)  Magistrate Judge Elizabeth Preston Deavers issued a Report and Recommendation on September 8, 2025 recommending that the Court dismiss her Complaint. (Doc. 4.)  Williams filed an untimely Objection to the Report and Recommendation on October 30, 2025.  (Doc. 6.)  For the reasons below, the Court will **ADOPT** the Report and Recommendation, **OVERRULE** the Objection, and **DISMISS** the Complaint.

**I.      BACKGROUND**

**A.      Facts Alleged**

The Magistrate Judge aptly summarized the facts alleged in Williams's Complaint:

The crux of Plaintiff's Complaint is that she was wrongfully arrested on a recalled warrant that remained active due to an error by the Lawrence County Municipal Court Clerk's Office. Plaintiff claims the events that led to her arrest began back in March of 2015, when a woman named Janiaya Canty was stopped by law enforcement in Lawrence County, Ohio. (Doc. 1-1, at PAGEID # 7). Plaintiff alleges Canty provided officers with her real name and date of birth, but Canty said she did not have a driver's license or identification. (*Id*.) Approximately two months after this stop, Canty claimed she had not been the driver. Canty accused Plaintiff of being the driver and sent law enforcement a photograph of Plaintiff. (*Id*.)

1

Plaintiff claims that Ohio State Highway Patrol Trooper Webb failed to conduct a proper investigation or obtain a signed witness statement from Canty. (*Id*.). Nevertheless, Trooper Webb issued a "criminal affidavit" and obtained a warrant for Plaintiff's arrest. (*Id*.) Plaintiff asserts that the Lawrence County Prosecutor's Office allowed the charges to proceed despite the lack of probable cause or corroborating evidence. (*Id*.)

Plaintiff alleges that she learned of the false charge in May of 2023, and she traveled from Georgia to Ohio to clear her name. (*Id*.) On May 15, 2023, the charges were dismissed and the Lawrence County Municipal Court Clerk submitted a request to remove the warrant, but that request was mistakenly sent to the Sheriff's Office, rather than the originating agency, causing the warrant to remain active. (*Id*.) Then, on May 26, 2023, while preparing to return to Georgia, Plaintiff was arrested on the warrant by unidentified officers from the Lockland Police Department, despite showing them documentation that her case was dismissed. (*Id*.) Plaintiff states she was not allowed to hug or comfort her minor daughter who was with her when she was arrested. (*Id*.) This resulted in emotional trauma. (*Id*.) And during the arrest, officers failed to protect or properly handle her property, resulting in theft and damage to electronics and identification documents. (*Id*.)

(Doc. 4 at PageID 19–20.)

The Magistrate Judge also took judicial notice of the following facts:

On September 10, 2015, a complaint was filed against Plaintiff in the Lawrence County Municipal Court for identity fraud in violation of Ohio Revised Code § 2913.49, a felony of the fifth degree, and a warrant was issued on that complaint. *See State of Ohio v. Tyease L. Williams*, Case No. CRA1500691. The case remained inactive for nearly a decade. The state court docket sheet reflects that on May 15, 2023, the case came before the court for a hearing, the warrant was recalled, and the prosecuting attorney moved the Court to enter a nolle prosequi dismissing the case, citing insufficient evidence to proceed. The docket sheet reflects that the warrant issued on September 10, 2015 has been inactive since May 15, 2023.

(*Id.* at PageID 20.)

## B.      Procedural Posture

Williams filed a Complaint on April 24, 2025 against seven Defendants: the City of Springfield; the Lawrence County Prosecutor's Office; the Lawrence County Municipal Clerk; the Ohio State Highway Patrol; the Lockland Police Department; Trooper D.L. Webb (in his individual and official capacity); and Janiaya Canty.  (Doc. 1-1 at PageID 5.)  She purported to

2

assert federal claims for false arrest, malicious prosecution, violation of due process, and state law claims for emotional distress and harm to reputation.  (Doc. 1 at PageID 4; Doc. 1-1 at PageID 6–7.)  Then, on May 12, 2025, Williams filed a Notice of Intent to File Amended Complaint within 21 days.  But she did not file an amended complaint at that time.  (Doc. 3 at PageID 13.)

The Magistrate Judge completed an initial review of the Complaint as required by 28 U.S.C. § 1915 and issued her Report and Recommendation on September 8, 2025.  (Doc. 4.) She concluded that Williams had failed to state a claim upon which relief could be granted, and she recommended dismissing the Complaint.  (*Id.* at PageID 20–26.)  The Magistrate Judge gave Williams notice that she had fourteen days to file objections to the Report and Recommendation. (*Id.* at PageID 26–27.)

Almost two months after the Magistrate Judge issued the Report and Recommendation, on October 30, 2025, Williams filed an untimely Objection to the Report and Recommendation. (Doc. 6.)  She also filed that same day a Motion for Leave to File an Amended Complaint Out of Time, with a proposed Amended Complaint attached as an exhibit.  (Doc. 9.)  In an Order dated January 16, 2026, the Magistrate Judge determined that Williams had not complied with the signature requirements stated in Rule 11(a) of the Federal Rules of Civil Procedure in her Motion for Leave to File an Amended Complaint Out of Time.  (Doc. 11.)  The Magistrate Judge ordered Williams to refile her Motion and the proposed Amended Complaint with a proper signature within fourteen days or have the unsigned Motion and proposed Amended Complaint stricken from the record.  (*Id.* at PageID 131.)  Williams did not satisfy her obligation, so the Motion and

3

Amended Complaint were stricken from the record.  (Doc. 12.)[1]

## II.      STANDARDS OF LAW

### A.      Initial Review of *in Forma Pauperis* Complaints

Williams is proceeding *pro se*—without the representation of counsel—and *in forma pauperis*—without the payment of filing fees.  District courts must dismiss an *in forma pauperis* complaint if the action is frivolous or malicious or fails to state a claim upon which relief can be granted.  28 U.S.C. § 1915(e)(2)(B)(i) and (ii); *see also Denton v. Hernandez,* 504 U.S. 25, 31–32 (1992).  A complaint filed by a pro se plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).  By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill v. Lappin*, 630 F.3d 468, 470–471 (6th Cir. 2010) (stating that the "dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under § 1915(e)(2)(B)(ii)).

### B.      Review of a Report and Recommendation

Title 28 U.S.C. § 636(b)(1)(B) & (C) and Federal Rule of Civil Procedure 72(b)(1)

---

[1] Williams also failed to comply with the signature requirements when she filed a Motion for Appointment of Counsel and Service by U.S. Marshal and a Motion for Disability Accommodations.  (Docs. 7, 8.)  The Magistrate Judge struck both filings for violating the signature requirements as well.  (Doc. 10.)  Also, as noted by the Magistrate Judge, the appointment of counsel is not a constitutional right in a civil case.  The Court agrees that exceptional circumstances justifying the appointment of counsel are not present here.  *See Lavado v. Keohane*, 992 F.2d 601, 605–606 (6th Cir. 1993) (denying appointment of counsel in a civil case for lack of exceptional circumstances).  The Court also agrees with the Magistrate Judge that whether Williams needed accommodations such as participation in conferences by telephone or extensions of filing deadlines could have been handled as such issues arose.  (Doc. 10 at PageID 128.)

authorize magistrate judges to make recommendations concerning dispositive motions that have been referred to them.  Parties then have fourteen days to make, file, and serve specific written objections to the report and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  A district court need not independently review a report and recommendation to which no objection is made.  *See Thomas v. Arn*, 474 U.S. 140, 152 (1985).  But some district courts follow the Advisory Committee Notes to Rule 72(b) and review the report and recommendation for clear error.  *See e.g.*, *Roane v. Warden of Corr. Reception Ctr.*, No. 2:22-CV-2768, 2022 WL 16535903, at *1 (S.D. Ohio Oct. 28, 2022); *Lassiter v. Dullaghan*, No. 1:10-CV-010, 2011 WL 110259, at *1 (S.D. Ohio Jan. 13, 2011).  If a party files objections to a report and recommendation on a dispositive matter, a district judge must review it under the *de novo* standard.  *Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003).  "[T]he district court need not provide *de novo* review where the objections are frivolous, conclusive or general."  *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (cleaned up) "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1) (substantively similar).

## III.    ANALYSIS

Williams filed her Objection more than five weeks beyond the deadline, so the Court can adopt the Report and Recommendation without considering the Objection at all.  To be clear, however, the Court would adopt the Report and Recommendation even under a *de novo* review.  The Magistrate Judge was correct that the Lawrence County Prosecutor's Office, the Lawrence County Municipal Clerk, the Ohio State Highway Patrol, the Lockland Police Department, Trooper D.L. Webb in his official capacity, and Janiaya Canty cannot be held liable for the

alleged constitutional violations under 42 U.S.C. § 1983.[2] Williams fails to state a claim upon which relief can be granted against the City of Springfield. Williams has not pleaded facts sufficient to find municipal liability, nor did she explain what the City of Springfield's connection is to this case. The federal claims against Trooper D.L. Webb in his individual capacity are conclusory. Finally, the Court would decline to exercise subject matter jurisdiction over the state law claims. Williams cannot remedy these Complaint defects by alleging additional facts or substituting in named government officials as new defendants in the Objection. The Court would have considered such changes in an amended complaint, but Williams failed to timely file an amended complaint that complied with the Federal Rules of Civil Procedure or the Magistrate Judge's January 16, 2026 Order.

## IV. CONCLUSION

Accordingly, the Report and Recommendation (Doc. 4) is **ADOPTED**. The Complaint is **DISMISSED** insofar as (1) the federal claims against the Lawrence County Prosecutor's Office, the Lawrence County Municipal Clerk, the Ohio State Highway Patrol, and the Lockland Police Department, Trooper D.L. Webb in his official capacity, and Janiaya Canty are **DISMISSED WITH PREJUDICE**, (2) the claims against the City of Springfield and against Trooper D.L. Webb in his individual capacity are **DISMISSED WITHOUT PREJUDICE**, and (3) the state law claims are **DISMISSED WITHOUT PREJUDICE**. The Court certifies under 28 U.S.C. § 1915(a)(3) that an appeal of this Order would not be taken in good faith.

---

[2] Williams concedes that the State of Ohio, the Ohio State Highway Patrol, the Lockland Police Department, and Janiaya Canty were properly dismissed. (Doc. 6 at PageID 33.)

**IT IS SO ORDERED.**

BY THE COURT:

S/Susan J. Dlott
Susan J. Dlott
United States District Judge